**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3269-18T1

MICHAEL BANDLER,

    Plaintiff-Appellant,

v.

JOANNA KOSTAS,

    Defendant-Respondent.

_____

> Argued telephonically August 10, 2020 –
> Decided August 18, 2020
>
> Before Judges Moynihan and Mawla.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-2225-12.
>
> Michael Bandler, appellant, argued the cause pro se.
>
> Respondent has not filed a brief.

PER CURIAM

    Plaintiff Michael Bandler appeals from a November 13, 2018 order requiring him to serve an information subpoena on defendant Joanna Kostas as

a part of his efforts to enforce a $10,000 judgment in his favor against defendant. Plaintiff also challenges a January 16, 2019 order denying reconsideration. We affirm.

Plaintiff obtained the judgment in 2012 and docketed it pursuant to N.J.S.A. 2A:18-32. As part of enforcing the judgment, plaintiff deposed defendant on September 26, 2018, pursuant to an order entered earlier that month requiring defendant to appear for her deposition. Plaintiff's deposition notice requested defendant bring with her car registrations; two years of bank records and statements; two years of tax returns, W2s, and 1099s; and three years of documents relating to workers' compensation claims and receipts.

Following the deposition, plaintiff filed a motion to enforce litigant's rights arguing defendant failed to comply with the post-judgment discovery and certified she "produced part of her bank statements." Notably, plaintiff's notice of motion sought an order not only for "the missing pages of [defendant's] bank statement not produced at her deposition" but several documents which were not a part of the original deposition notice. In the November 13, 2018 order, the motion judge denied plaintiff's motion and ordered that he first serve an information subpoena as required by Rule 6:7-2. In the accompanying written

decision, the judge stated "[o]nce [an information subpoena] is served, and it is subsequently not responded to, this motion would be more appropriate."

Plaintiff filed a motion for reconsideration. He argued the judge erred because he relied on a Special Civil Part rule to deny the enforcement of litigant's rights, whereas the matter was venued in the Law Division. In a written decision attached to the January 16, 2019 order denying reconsideration, the judge concluded as follows:

> The plaintiff in his previous motion was clearly attempting to secure documents and other information, which must be done with an information subpoena governed by [Rule] 6:7-2 . . . . Had the plaintiff wished to depose the defendant again, that would have been a completely different motion. But the relief that plaintiff requested involved a great deal of information from defendant, some of which goes outside of the scope even for an information subpoena.

We review a judge's discovery order under an abuse of discretion standard. Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011). We examine the judge's legal conclusions under a de novo standard. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). "[T]he standard of review where there is a denial of a motion for reconsideration . . . is 'abuse of discretion.'" Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996).

A-3269-18T1

On appeal, plaintiff argues the motion judge's reliance on N.J.S.A. 2A:18-32 was an error because it only applies to Special Civil Part cases, not this Law Division matter. Plaintiff asserts Rule 4:59-1(f) imposes no obligation on him to proceed with discovery as set forth in Rule 6:7-2 because the Part VI rules do not apply.

"A judgment docketed in the Superior Court . . . shall, from the time of its docketing, operate as though it were a judgment obtained in an action originally commenced in the Superior Court other than in the Special Civil Part." N.J.S.A. 2A:18-38. The process for enforcement of a judgment is governed by Rule 4:59-1. Rule 4:59-1(f) states:

> In aid of the judgment or execution, the judgment creditor . . . may examine . . . the judgment debtor, by proceeding as provided by these rules for the taking of depositions or the judgment creditor may proceed as provided by R[ule] 6:7-2, except that service of an order for discovery or an information subpoena [permitted by Rule 6:7-2] shall be made as prescribed by R[ule] 1:5-2 for service on a party. The court may make any appropriate order in aid of execution.

The judgment enforcement process for a Law Division matter utilizes the enforcement mechanism expressed in the Special Civil Part Rule, and the motion judge did not mistakenly interpret the applicable law.

4

Plaintiff exercised his right to depose defendant pursuant to Rule 4:59-1(f).  In enforcing litigant's rights he did not seek another deposition, but rather to compel the production of documents, the majority of which were not a part of the original deposition notice.  Therefore, pursuant to Rule 4:59-1(f) plaintiff's choices were to seek an order for another deposition and serve defendant with notice of the additional documents sought for the deposition, Rule 6:7-2(a), or alternatively compel defendant to answer an information subpoena and enforce it if she refused to comply.  R. 6:7-2(b), (e).  Finally, plaintiff's brief does not explain why the breadth of the information contained in an information subpoena would not suffice to obtain the missing information to enforce the judgment or address the motion judge's finding that the information plaintiff requested exceeded the scope of an information subpoena.  For these reasons, we discern no abuse of discretion in the denial of plaintiff's enforcement motion or the denial of reconsideration.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-3269-18T1